COOPER EXPRESS, INC., Plaintiff, *v.* YALE TRANSPORT CORP., Defendant.

City Court of the City of New York, Trial Term, New York County, December 10, 1948.

*L. Mahoney* for plaintiff.

*Harris J. Klein* and *J. Halperin* for defendant.

COLEMAN, J. Plaintiff is sublessee of commercial premises occupied by the defendant under a lease with the landlord, and

sues to recover the amount of rental in excess of the amount specified in the rental agreement which it was required to pay for part of the time that it was in possession. The plaintiff took possession of the premises in June, 1945, under an oral agreement then made for an indefinite period at a rental of $125 a month. The following July it was told by the defendant that the rent would be $225 per month and it paid that amount for a period of sixteen months, at the end of which it quit the premises. It has brought this action to recover the excess of $100 for each of those months. (L. 1945, ch. 3, § 7, as amd.)

The defendant resists the claim on two counts. As to the first, both parties were motor carriers in interstate commerce, and the defendant contends that the arrangement was for the exchange of services between the two, as well as for the joint use of the premises. But there is no doubt that the relationship was that of landlord and tenant. The plaintiff alleges and the answer admits that the defendant offered to sublease to the plaintiff part of the premises occupied by the defendant which the plaintiff agreed to take at a rental of '' a hundred twenty-five dollars monthly as the full and fair rental.'' The answer which denied that the amount of the increased rental was unlawful, alleged that the amount paid '' was the legal and lawful rent.'' And the defendant in its letter notifying the plaintiff of the increase stated that '' effective July 1st the rental for the premises occupied by you * * * will be $225 per month.'' I see no reason to go behind these admissions and assertions. The use of the platform and certain incidental services by the defendant did not affect the landlord-tenant relationship and there was no such increase in the plaintiff's use of the premises as the defendant contends that would justify an increased rental, assuming that the defendant were otherwise free to demand it.

The second ground of defense is that there is no basis for determining what portion of the rent above $125 was excessive and unlawful, as there was no proof of the '' emergency rent.'' The defendant's position here is that, assuming it could not increase the rental, in the absence of proof of '' emergency rent '' there is no way of ascertaining what may be the excess rent and that until there is a determination under section 4 of the Commercial Rent Law, the plaintiff has no cause of action in this court. The defendant overlooks section 5 of the Commercial Rent Law, as amended, which provides that '' nothing contained in this act shall authorize a landlord to seek, demand or receive increased rent * * * under any lease or rental agreement made on or after such date [January 24, 1945].

wherein the rent reserved is less than the emergency rent." (L. 1945, ch. 315, § 2.) The rental agreement was made in June, 1945, and the plain meaning of the section is that if after the date fixed in the statute landlord and tenant agree on a rental at less than the amount the landlord might have been able to obtain under any of the provisions of the Commercial Rent Laws, the landlord must abide by the bargain he has made and cannot thereafter during the tenancy demand more. If after the plaintiff had taken possession it had resisted payment of the original rental on the ground that it was excessive it would perhaps have had to prove the excess. (Cf. *Joanette Juniors* v. *Princeway Realty Corp.*, 272 App. Div. 420.) Here the plaintiff is ready to live up to his agreement as to rent and the landlord must do so. It is unnecessary, therefore, for the plaintiff to prove how much of the increase was above the emergency rent. From the pleadings we must take it that the original rental was the full and fair rental, " the legal and lawful rent," as the defendant puts in in its answer; in other words, the " emergency rent." Literally, to be sure, that amount then would not be " less than " the emergency rent, but would be it exactly. Yet those words can have no other or different meaning from the words in the earlier part of the section which prohibits an increase " wherein the rent reserved does not exceed the emergency rent." The rental simply cannot go above the amount fixed in the agreement. The plaintiff, therefore, is entitled to the return of everything above the amount originally fixed and may have judgment for $1,600 with interest. (L. 1945, ch. 3, §§ 7, 12, as amd.)